Dear Mr. Pitre:
On behalf of the Mayor of the Town of Grand Coteau, a municipality governed by the provisions of the Lawrason Act, La. R.S. 33:321, et seq., you ask this office to advise whether an elected chief of police in a Lawrason Act municipality may maintain full-time employment in the private sector while simultaneously acting as chief of police.
Note first that the provisions of the Dual Officeholding and Dual Employment Law, La. R.S. 42:61, et seq., have no application in this matter. These statutes are only implicated where a person holds two public offices and/or employments; such is not the case here, as one position is held in the private sector.
Further, note that this office has previously determined that the governing authority in a Lawrason Act municipality cannot by ordinance prohibit an elected chief of police from holding private full-time employment. In La. Atty. Gen. Op. 02-56, this office advised: Moreover, this office has determined that as an elected official the chief of police cannot be relegated to an inferior position of an employee, and has concluded that as an elected official and not an employee, the chief of police is not required to establish or set specific working hours for himself. La. Atty. Gen. Ops. 98-469, 95-13, 87-696. This office has observed that the chief of police, as an elected official of the municipality, is not subject to disciplinary actions of the Mayor and Board of Aldermen. If there is lack of performance of his duties as chief of police because of his employment, he can only be compelled to perform his duties by mandamus, or be subject to malfeasance. La. Atty. Gen. Op. 00-51.
 *** *Page 2 
This office has repeatedly observed that the chief of police, as chief law enforcement officer, has the inherent power and authority to supervise and direct the administration and day to day operation of the police department, and the governing authority cannot infringe upon this inherent power. While this office has noted that La. R.S. 33:423 provides that the chief of police is responsible for law enforcement of all state laws and ordinances within the municipality, and "to perform all other duties required of him by ordinance", we do not find that this empowers the municipality to prohibit an elected chief of police from other employment. The directive that he cannot hold private full-time employment is not a duty required by ordinance, but a prohibition that attempts to control the chief's off time actions which goes beyond the authority of the governing body.
[Emphasis added.]
It is the opinion of this office that the dual officeholding provisions do not prohibit an elected chief of police from at the same time holding employment in the private sector. Further, in accord with the reasoning expressed in Opinion 02-56, it is the opinion of this office that the governing authority of a Lawrason Act municipality may not legally prohibit an elected chief of police from holding employment in the private sector. If there is a lack of performance of law enforcement duties by the chief of police, the remedy of mandamus may be sought under La. C.C.P. Art. 3863, providing that "a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law . . ."
Finally, note that any ethical questions raised by this matter are within the jurisdiction of the Louisiana State Board of Ethics. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La. R.S. 42:1111, et seq. The mailing address for the Board is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone 225-219-5600.
We hope the foregoing is help to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg